Citation Nr: 1829750 
Decision Date: 07/25/18 Archive Date: 08/02/18

DOCKET NO. 16-45 046 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Entitlement to service connection for a chronic respiratory disorder to include asthma, to include due to asbestos exposure.


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

E. F. Brandau, Associate Counsel



INTRODUCTION

The Veteran has active duty service from October 1951 to January 1952 and from March 1955 to March 1957. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a June 2015 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (2012).

The issue of entitlement to service connection for a left knee disorder was certified for appellate review. The Veteran, however, in an April 2017 VA Form 9 limited his appeal to the issue of entitlement to service connection for a respiratory disorder, to include asthma, to include due to asbestos exposure. As such, the Board does not have jurisdiction to address the issue of entitlement to service connection for a left knee disorder. 38 U.S.C. § 7105. 


REMAND

The Veteran contends that a respiratory disorder, to specifically include asthma, was incurred inservice. He maintains that while on active duty he was assigned to a construction company that was deployed to Fort Churchill, Canada where he was involved in asbestos removal. He has testified that as a result of this exposure he was treated for respiratory problems inservice, and that he has since developed chronic asthma. 

Unfortunately, the Veteran's service treatment records are not available, and attempts to locate or recreate them have been unsuccessful. The Veteran, however, testified that postservice he had a long career as a bartender and a waiter, and that his union may have medical records associated with post service treatment for respiratory disorders. While some records from the New York Hotel Trades Council are of record, these do not show care prior to approximately 2004. As earlier records may assist the Veteran further development is in order.

Accordingly, in order to fulfill VA's duty to assist this case is REMANDED for the following action:

1. The RO should contact the Veteran and request that he complete the appropriate VA Form to authorize VA to secure all pertinent medical treatment records pertaining to any care he has received for a respiratory disorder since his separation from active duty in 1957. This specifically includes providing separate authorization forms to secure medical records from the Hyatt Corporation, the Bartenders and Waiters Union, Locals 6 and 17, the New York Hotel Trades Council, and any other health care provider who has treated him for a respiratory disorder at any and all times since 1957. Please note that VA is required to make reasonable efforts to secure privately held medical records. "Reasonable efforts" generally consist of an initial request for the records and, if the records are not received, at least one follow-up request.

2. The Veteran is advised that he is advised that he has the right to submit any additional evidence and/or argument on the matter the Board has remanded. The best evidence that he could submit in support of his claim would be written, well supported, medical opinion evidence finding that it is at least as likely as not that a currently diagnosed respiratory disorder is related to service, and explaining why that is so.




____________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs